United States District Court
Southern District of Texas

**ENTERED**

April 06, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Russell Bellmor, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-4216 |
| | § | |
| Viewrail Install, LLC, and | § | |
| Iron Baluster, LLC, | § | |
| *Defendants.* | § | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Pending before the court is Plaintiff Russell Bellmor's Motion to Remand. ECF No. 16. The court has considered the motion, the responses, and the applicable law. Bellmor's Motion to Remand, ECF No. 16, is **DENIED**.

### 1. Background

Russell Bellmor filed suit against Viewrail Install, LLC (Viewrail) in the 457th District Court of Montgomery County, Texas, on July 29, 2025. ECF No. 1-3. In his Original Petition, Bellmor asserted that he contracted with Viewrail to complete construction projects in his new home at a cost of $60,847.88. *Id.* ¶ 8. The cost included "the purchase of glass panels and handrails for the catwalk . . . as well as a floating staircase." *Id.* He alleged that after moving into the home, he discovered that most of the glass panels were cloudy around the edges. *Id.* ¶ 9. Bellmor asserted that he hired a professional glass cleaner to address the cloudiness. *Id.* He alleged that despite spending at least $300 on professional cleaning costs, the cloudiness persisted. *Id.* ¶ 17. Bellmor hired a third-party glass company to inspect the panels. *Id.* ¶ 11. The inspector allegedly determined that a manufacturing defect had likely caused the cloudiness. *Id.*

Bellmor asserted that he reported the issue to Viewrail, which replaced the panels at no charge to him. ECF No. 1-3 ¶ 12. However, Bellmor asserted that the new glass panels were similarly defective. *Id.* ¶ 13. Viewrail again replaced the panels. *Id.* ¶ 14. Bellmor asserted the third set of glass panels were also defective. *Id.* Bellmor also asserted that the repeated installation and removal of the panels caused increasingly severe damage to the surrounding areas. *Id.* ¶ 15. He alleged that because of the problems with the glass and the resulting damage to his home, he experienced "significant harm and distress," embarrassment, and discomfort. *Id.* ¶¶ 16, 22, 30.

Bellmor asserted three claims against Viewrail—(1) breach of contract, (2) false, misleading, and deceptive acts and practices in the conduct of trade and commerce, in violation of the Texas Deceptive Trade Practices Act (DTPA); and (3) breach of express and implied warranty under the Texas Civil Practices and Remedies Code § 38.001, or in the alternative, under the DTPA. ECF No. 1-3 ¶¶ 23–41. Pursuant to Texas Rule of Civil Procedure 47, Bellmor pleaded that he "seeks monetary relief of $250,000 or less and non-monetary relief." *Id.* ¶ 2. Specifically, Bellmor stated that he sought to recover actual costs, "including the cost of cleaning, repairing, and potentially replacing the defective glass panels and handrails," reasonable attorney's fees, and damages for mental anguish. *Id.* ¶¶ 26–27, 32–33, 40–41. Bellmor asserted that he may also be entitled to treble damages under Section 17.50(b) of the DTPA "if Viewrail's actions are found to be knowingly committed." *Id.* ¶ 32.

Viewrail removed the case to federal court on September 5, 2025. ECF No. 1. It stated that the court has subject matter jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332, because the amount in controversy exceeds "$75,000.00, exclusive

of interest and costs, and diversity of citizenship exists . . . ." *Id.* ¶ 2.

Approximately two weeks later, Bellmor filed his First Amended Complaint, in which he added Iron Baluster, LLC (Baluster) as a defendant. ECF No. 8 ¶ 3. According to Bellmor, "Viewrail is an assumed business name of" Baluster. *Id.* ¶ 5. He alleged the same three claims—breach of contract, violations of the DTPA, and breach of warranty—against both Viewrail and Baluster (Defendants). *Id.* ¶¶ 11–24.

On November 13, 2025, the court held the initial conference in this case. ECF No. 12. During the hearing, it ordered Defendants to submit an affidavit explaining why they believed the case meets the amount-in-controversy requirement to establish diversity jurisdiction. *Id.*; *see also* 28 U.S.C. § 1332 (establishing that the amount in controversy must exceed $75,000, exclusive of interest and costs).

Defendants timely submitted a Memorandum in Support of Removal to explain their position. ECF No. 15. Defendants argued that Bellmor's Original Petition alleged that the cost of the project under the contract was $60,804.88. *Id.* ¶ 11. They asserted that the cost of the project, combined with attorney's fees, costs, interest, and the potential to recover trebled economic damages under the DTPA exceeds the jurisdictional threshold of Section 1332. *Id.* ¶¶ 12–15.

In the instant motion, Bellmor's Motion to Remand, Bellmor asserts that Defendants' Memorandum was insufficient to establish, by a preponderance of the evidence, that the amount-in-controversy exceeds $75,000. ECF No. 16 ¶ 6. Accordingly, he asserts that the court lacks subject matter jurisdiction. He asks the court remand to Montgomery County. *Id.* ¶ 7. Defendants oppose the Motion, largely for the same reasons asserted in their Memorandum in Support of Removal. ECF No. 19.

### *2. Legal Standard*

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). "The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The court is satisfied that the current parties to the lawsuit are of diverse citizenship. *See* Affidavit of Landon Richmond, ECF No. 15-1 (establishing that Defendants are citizens of Indiana for purposes of diversity jurisdiction); ECF No. 1-3 (establishing that Bellmor is an individual domiciled in Texas). The only disputed issue is whether the amount in controversy exceeds $75,000.

The amount in controversy is ordinarily determined based on "the sum demanded in good faith in the initial pleading." *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1056 (5th Cir. 2022) (citing 28 U.S.C. § 1446(c)(2)). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Defendants argue that they had a good faith basis to believe that the amount in controversy met the jurisdictional requirement because Bellmor's Original Petition stated that he "seeks monetary relief of $250,000.00 or less and non-monetary relief."

4

ECF No. 15 ¶ 11   (citing   ECF No. 1-3 ¶ 2).    That jurisdictional statement is ambiguous, at best. Because ambiguities are construed against removal, Bellmor's jurisdictional statement alone is insufficient to determine whether the amount-in-controversy requirement is satisfied.

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (citations omitted). "In determining the amount in controversy, courts should consider not only the plaintiff's economic damages, but also attorney's fees, statutory penalties, statutory damages, and punitive damages. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Defendants assert that the actual economic damages at issue amount to at least the cost of the projects under the contract—$60,847.88. ECF No. 12. Bellmor asserts that the Defendants' position is speculative and unsupported by evidence. ECF No. 17 ¶ 4. He argues that he "never specifically alleged damages of $60,847.88 in his Original Petition." *Id.* ¶ 5. Rather, he asserts, he that dollar amount merely represents "Defendants' own costs for services *they* provided . . . ." *Id.* (emphasis in original). The court is not persuaded. In the Original Petition, Bellmor stated, "the cost of installation" of the projects "totaled $60,847.88." ECF No. 1-3 ¶ 8. He does not allege that he paid anything other than that amount. Based on the Original Petition, there is no indication actual economic damage at issue is some amount *less* than $60,847.88. Further, in Bellmor's Initial Disclosures, he conceded in connection with his computation of damages that "Plaintiff paid Defendants $60,847.88 to supply and install the glass panels and handrails." ECF No. 19-1 at 3.

Defendants point out that in Bellmor's Original Petition, he pleaded that Viewrail violated DTPA § 17.46, including by "[k]nowingly making false or misleading statements regarding the nature of the defects." ECF No. 15 ¶ 13 (referencing ECF No. 1-3 ¶ 29(c)). As Bellmor acknowledged, under Section 17.50(b) of the DTPA, economic damages may be trebled for violations that are committed knowingly. ECF No. 1-3 ¶ 32; Tex. Bus. & Com. Code Ann. § 17.50(b). In his prayer for relief in the state court Petition, Bellmor was clearly seeking treble damages. *Id.* at 11. Trebling the alleged contract cost of $60,847.88 exceeds the amount-in-controversy requirement under Section 1332, without even considering Bellmor's other alleged economic costs (e.g., cleaning fees), damages for mental anguish, and attorney's fees.

Defendants have shown, by a preponderance of the evidence, that the amount-in-controversy at issue at the time of removal was greater than $75,000. The court has subject matter jurisdiction under 28 U.S.C. § 1332.

### 3. Conclusion

For these reasons, Plaintiff Russell Bellmor's Motion to Remand, ECF No. 16, is **DENIED**.

Signed at Houston, Texas, on April 6, 2026.

_____

Peter Bray
United States Magistrate Judge